**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **John Baker,** | ) | **CASE NO. 5:06 CV 1547** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Julius Wilson, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Gallas (Doc. 14) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, John Baker, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed. Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

The Magistrate Judge determined that the Petition is untimely as not having been filed within the applicable statute of limitations period.  Petitioner raises objections to the Magistrate Judge's findings which the Court finds unpersuasive.

The Petition raises one ground for relief.  Petitioner asserts that he was denied due process and equal protection of the law when neither the trial court nor counsel advised him of his right to appeal.

Petitioner entered a guilty plea in November 2002 to various counts of his indictment, and was sentenced one month later.  Petitioner did not timely appeal.  His judgment became final with the expiration of the time for seeking direct review, i.e., thirty days after he was sentenced.  The limitations period under the AEDPA expired one year later, or in January 2004. Petitioner did not file this Petition until June 2006.  He concedes that it is untimely, but argues that the state created an impediment to his timely filing by failing to inform him of his appellate rights.  28 U.S.C. § 2244(d)(1)(B).  The Magistrate Judge rejected this argument.  This Court agrees as the Sixth Circuit has found that a state court's failure to advise a petitioner of his appeal rights is not a state-created impediment to filing a *federal* habeas petition. *Miller v. Cason,* 49 Fed. Appx. 495 (6th Cir. 2002).

2

The Magistrate Judge also concluded that petitioner failed to demonstrate due diligence in discovering the factual predicate of his claim.  28 U.S.C. § 2244(d)(1)(D).   Again, this Court agrees.  In April 2004, more than one year after he was sentenced, petitioner, through retained counsel, filed a motion to withdraw his guilty plea.  The motion was not based on the trial court's failure to advise petitioner of his appellate rights. The trial court denied the motion in July 2004.  In December 2005, petitioner filed a *pro se* motion for leave to file a delayed appeal.  In that motion, petitioner claimed that it was through the trial court's July 2004 journal entry denying his motion to withdraw the plea that he first learned of his right to appeal.  Petitioner did not state when he received that entry. In his present Petition, he now asserts that he did not receive this entry until September 2005. Petitioner attaches a sworn statement to his Petition wherein he avers that he did not become aware of his right to appeal his guilty plea until he was informed of that right by a fellow inmate in September 2005.

Courts in this Circuit have recognized that when a petitioner has access to retained counsel, due diligence requires that he ask his counsel about his appellate rights.  A period not greater than 90 days is a reasonable amount of time in which to inquire of counsel.  *See Ramos v. Wilson,* 2008 WL 2556725 (N.D.Ohio 2008).  Petitioner does not state that he asked his retained counsel about his appellate rights.  This Court agrees with the conclusion of the Magistrate Judge that petitioner has not affirmatively demonstrated what prevented him from learning of his rights in the time period from December 2002 through September 2005.  Furthermore, petitioner has not shown that he was denied access to a law library or law clerks, and he has not advanced any reason as to why he could not have inquired of the law clerks about his appellate rights prior to September 2005.  For these reasons, petitioner has failed to demonstrate due

diligence.

Finally, the Court agrees that petitioner is not entitled to equitable tolling.

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484.  In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated herein and in the Report and Recommendation, the Court does not find that petitioner has satisfied this showing.  Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 2/6/09